```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
```
ROSANNE KAPLAN-DiNOLA,

                Plaintiff,

        - against -                         **MEMORANDUM AND ORDER**

BOARD OF EDUCATION OF THE CITY           15 Civ. 8139 (NRB)
SCHOOL DISTRICT OF THE CITY OF
NEW YORK a/k/a THE NEW YORK CITY
DEPARTMENT OF EDUCATION, LINDA SPADARO,
and EILEEN DAVIES,

                Defendants.
```
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff Rosanne Kaplan-DiNola brings this action against the Board of Education of the City School District of the City of New York (the "Board"), Linda Spadaro, and Eileen Davies, alleging disparate treatment, a hostile work environment, retaliation, and constructive discharge in violation of the New York State Human Rights Law, N.Y. Exec. Law §§ 296 et seq., the New York City Human Rights Law, N.Y. Administrative Code §§ 8-101, et seq., and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983. The Board now moves on its own behalf for summary judgment on plaintiff's § 1983 claims,[1] arguing that plaintiff "cannot establish that a custom or

---

[1] The Board confirms in its reply brief that its motion pertains only to plaintiff's constitutional claims. Def.'s Reply Mem. of Law in Supp. of its Mot. for Summ. J. 2, Jan. 11, 2019, ECF No. 84.

1

policy of the City of New York caused the alleged deprivation of her rights." Def.'s Mem. of Law in Supp. of its Mot. for Summ. J. ("Def.'s Br."), Nov. 14, 2018, ECF No. 73.

We begin with a brief summary of the few facts that the parties have disclosed to the Court in their respective Local Rule 56.1 Statements and supporting declarations.[2] Plaintiff was a teacher at P.S. 207 from 1992 until May of 2016. Defendant Spadaro was the principal of P.S. 207 from approximately 2004 until her retirement in 2015, after which Davies became acting principal of the school. Spadaro characterized her duties as principal as "ensuring that the staff was teaching" and that teachers followed the Chancellor's rules and regulations. Pacholec Decl. Ex. C at 27:14-28:7. Davies, for her part, testified that she was "responsible for everything" as principal, Vinci Decl. Ex. 2 at 21:3-4, including "the whole operation of the school," id. at 21:5-7, and that she had the power to both discipline and hire staff. She was not able to terminate employees, however, as "that is a process within the [Department of Education]." Id. 21:23.

Plaintiff, who describes herself as a "homosexual," alleges that throughout her tenure as teacher at P.S. 207 she was "discriminated against by [Spadaro and Davies] on the basis of her

---

[2] In addition to the parties' respective Local Rule 56.1 Statements, the Court relies on the declarations of Tomasz Pacholec, Nov. 14, 2018, ECF No. 72, and Gabrielle M. Vinci, Dec. 14, 2018, ECF No. 79, and the exhibits annexed thereto. Unless otherwise noted, the facts are undisputed.

2

sexual orientation and retaliated against for her lawful complaints of sexual orientation discrimination, harassment, and a hostile work environment." Pl.'s 56.1 Counterstmt. ¶ 3.2. She resigned in May of 2016, citing her need "to escape the discrimination and retaliation [she] continue[d] to experience on a daily basis." Id. ¶ 6.4.

The Board now argues that it is entitled to summary judgment solely on the ground that a principal cannot be a "final policymaker" for purposes of imposing municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). See Pembaur v. City of Cincinnati, 475 U.S. 469, 481 ("Municipal liability [absent an expressly adopted official policy or longstanding practice or custom] attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered."). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the movant's burden to show that no genuine factual dispute exists. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). In reviewing a summary judgment motion, we must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. See Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003).

The question presented by the Board's motion is a legal one and must be resolved on the basis of state law. See Jett v. Dallas Indep. Sch. Dist, 491 U.S. 701, 737 (1989). In making this determination, we must look to the specific conduct at issue, as "the official in question need not be a municipal policymaker for all purposes." Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000). Thus, "whether [Spadaro or Davies] is a municipal policymaker turns on whether, under New York law, she had final decisional authority on the challenged employment action." Fierro v. New York City Dep't of Educ., 994 F. Supp. 2d 581, 588 (S.D.N.Y. 2014).

The Board elides the conduct-specific nature of this inquiry, arguing generally that school boards cannot be held liable for the discriminatory or retaliatory actions of their principal-employees because "New York City school principals or assistant principals do not have final policy making authority over employment decision [sic] concerning teachers in their schools." Def.'s Br. at 4. Courts applying New York law, however, have consistently rejected the proposition that the lack of authority to hire or fire teachers is dispositive of a principal's status as policymaker in other areas. See, e.g., Zambrano-Lamhaouhi v. New York City Bd. of Educ., 866 F. Supp. 2d 147, 175 (E.D.N.Y. 2011) (holding that defendant principal was not a "final policymaker" for purposes of claims arising from plaintiff teacher's termination or demotion, but was with respect to plaintiff's hostile work environment

4

claims); Williams v. Bd. of Educ.-City of Buffalo, No. 07-CV-698C, 2008 WL 2946003, at *3 (W.D.N.Y. July 29, 2008) (holding that principal was acting as a final policymaker when he subjected a school employee to "demeaning remarks, confrontational behavior, and numerous written warnings"); Marino v. Chester Union Free Sch. Dist., 859 F. Supp. 2d 566, 569 (S.D.N.Y. 2012) ("As a practical matter, principals are the highest ranking officials in the school and thus have policymaking authority in the day-to-day operations of the school."); T.Z. v. City of New York, 635 F. Supp. 2d 152, 179 n.27 (E.D.N.Y. 2009), rev'd in part on other grounds, 634 F. Supp. 2d 263 (E.D.N.Y. 2009) ("A school principal has final policymaking authority in the management of the school and her conduct represents official district policy within the purview of the school.").

We join these courts in concluding that principals can be final policymakers in certain circumstances. Whether those circumstances exist in the present case, however, is unclear. Such an affirmative finding would require a more robust record than the one presently before the Court, which does not include evidence of the underlying discrimination or retaliation that plaintiff was allegedly subjected to.[3] What we can conclude is that here, where

---

[3] In declining to make this determination at this time, we recognize that "[t]he matter of whether the official is a final policymaker under state law is to be resolved by the trial judge before the case is submitted to the jury," Jeffes, 208 F.3d at 57 (internal quotation marks omitted), and thus expect to revisit the issue once the relevant facts have been adduced at trial.

5

the challenged employment actions are not limited to wrongful termination of plaintiff's employment, the Board has failed to demonstrate that it is entitled to judgment as a matter of law.

Accordingly, we deny the Board's motion for summary judgment in its entirety. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 71. The parties are directed to appear for a pretrial conference on Monday, May 20, 2019 at 3:00 p.m. in Courtroom 21A, 500 Pearl Street, New York, NY 10007.

Dated:   New York, New York
         April 23, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE