```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ROSANNE KAPLAN DINOLA,

                Plaintiff,

        - against -                            **MEMORANDUM AND ORDER**

BOARD OF EDUCATION OF THE CITY                 15 Civ. 8139 (NRB)
SCHOOL DISTRICT OF THE CITY OF
NEW YORK a/k/a THE NEW YORK CITY
DEPARTMENT OF EDUCATION, LINDA SPADARO,
and EILEEN DAVIES,

                Defendants.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Rosanne Kaplan-DiNola brings this action against the Board of Education of the City School District of the City of New York (the "Board"), Linda Spadaro, and Eileen Davies, claiming that she was subjected to a hostile work environment, disparate treatment, retaliation, and constructive discharge on account of her sexual orientation in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296 et seq., the New York City Human Rights Law ("NYCHRL"), N.Y. Administrative Code §§ 8-101, et seq., and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

## I. Background

We begin with a brief summary of the relevant facts.[1] Plaintiff was a teacher at P.S. 207 from 1992 until May of 2016. Parties' Rule 56.1 Stat. ¶ 6.[2] Defendant Spadaro was the principal of P.S. 207 from approximately 2004 until her retirement in 2015, after which Davies became acting principal of the school. Id. at ¶¶ 12, 13; Pl.'s Rule 56.1 Counterstmt. ¶ 13.1. Defendant Davies was appointed as the principal of P.S. 207 in February 2015. Vinci Decl. Ex. 2 (ECF No. 79-2) at 1.

Plaintiff, who describes herself as a "homosexual," alleges that throughout her tenure as teacher at P.S. 207 she was "discriminated against by [Spadaro and Davies] on the basis of her sexual orientation and retaliated against for her lawful complaints of sexual orientation discrimination, harassment, and a hostile work environment." Pl.'s 56.1 Rule Counterstmt. ¶ 3.2. In particular, plaintiff alleges that, once defendant Davies became the full-time principal of P.S. 207, she took the following actions in an attempt to terminate plaintiff: (1) accusing plaintiff of corporal punishment and impugning plaintiff's reputation and abilities as an educator, Am. Compl. ¶ 69; (2)

---

[1] In addition to the parties' respective Local Rule 56.1 Statements (ECF Nos. 75, 80), the Court relies on the declarations of Tomasz Pacholec, Nov. 14, 2018 (ECF No. 72), and Gabrielle M. Vinci, Dec. 14, 2018 (ECF No. 79), and the exhibits annexed thereto.

[2] "Parties' Rule 56.1 Statements" refer to Defendants' Rule 56.1 Statement (ECF No. 75) and Plaintiff's Rule 56.1 Counterstatement (ECF No. 80).

2

giving plaintiff's lesson plans unsatisfactory ratings, id. at ¶ 70; (3) routinely threatening plaintiff with disciplinary action, id. at ¶ 71; and (4) launching disciplinary proceedings under Section 3020-a of New York Education Law. Id. at ¶ 72.

Plaintiff initiated this action on October 15, 2015, asserting claims of discrimination based on her sexual orientation. See ECF No. 1. Thereafter, on May 12, 2016, plaintiff was served of a Notice of Determination of Probable Cause of Education Law Section 3020-a Charges ("Section 3020-a Notice"). Vinci Decl. Ex. 5 (ECF No. 79-5); Pl.'s Rule 56.1 Counterstmt. ¶ 6.1. The Section 3020-a Notice contained eleven specifications against plaintiff ("3020-a Charges"), alleging inter alia, that plaintiff failed to adequately plan and/or execute separate lessons on a number of dates spanning from October 2013 through May 2016. Vinci Decl. Ex. 5 (ECF No. 79-5) at 3. Shortly thereafter, on May 20, 2016, plaintiff resigned, citing her need "to escape the discrimination and retaliation [she] continue[d] to experience on a daily basis."[3] Id. Ex. 4 (ECF No. 79-4). After resigning from her position, plaintiff amended the Complaint to assert a constructive discharge claim. See ECF No. 29.

---

[3] The Section 3020-a Notice states that plaintiff could "elect to request a hearing before an impartial hearing officer" within ten days of receipt. Vinci Decl. Ex. 5 (ECF No. 79-5). Neither the Complaint nor the record indicates that plaintiff requested a hearing.

3

The Board of Education previously moved for summary judgment on all of the plaintiff's claims against it on the legal ground that a principal could not be a "final policymaker" for purposes of imposing municipal liability. See ECF No. 71. The Court denied the motion in its entirety, concluding that a principal can be a "final policymaker" in certain circumstances and whether such circumstances exist in this case is a question of fact, the resolution of which is not apparent from the record. See ECF No. 88. At a pretrial conference held on June 3, 2019, new counsel for defendants raised a legal issue that is the subject of this motion.

Defendants now move for summary judgment on the plaintiff's constructive discharge claim, arguing that it should be dismissed as a matter of law because such claim is foreclosed by her decision to resign rather than engaging in the then pending Section 3020-a proceedings. See ECF No. 98. At bottom, the question presented by defendants in this motion is a question of law as the parties do not dispute that plaintiff resigned after receiving the Section 3020-a Notice without engaging any further in the process under New York Education Law Section 3020-a.

## II. **Discussion**

**1. New York Education Law Section 3020-a**

Defendants maintain that plaintiff is precluded from asserting a constructive discharge claim as a matter of law because she resigned without engaging in the Section 3020-a proceedings.

One of the cases cited by defendants in support of their legal position is <u>Bailey v. New York City Bd. of Ed.</u>, 536 F. Supp. 2d 259 (E.D.N.Y. 2007).[4] In <u>Bailey</u>, charges were issued under Section 3020-a against the plaintiff, an African-American teacher employed by the New York City Board of Education. <u>Id.</u> at 262. The charges related to the plaintiff's failure to report his prior arrest and conviction for criminal possession of a weapon on his fingerprint referral form, which the plaintiff was required to submit upon returning from a sabbatical leave. <u>Id.</u> About a year after the charges were issued, the plaintiff filed a discrimination complaint with the Equal Employment Opportunity Office. <u>Id.</u> at 263. Eventually, the plaintiff retired from the Board, rather than challenge the charges against him at the hearing, which was

---

[4] Although the plaintiff in <u>Bailey</u> asserted discrimination claims under Title VII of the Civil Rights Act of the Civil Rights Act of 1964 ("Title VII"), <u>Bailey</u> is applicable here because the hostile work environment claims—which the plaintiff's constructive discharge claim is a type of—are identical under Title VII, NYSHRL and NYCHRL. <u>Hyek v. Field Support Services, Inc.</u>, 461 F.App'x 59, 59 (2d Cir. 2012) ("Claims brought under the NYSHRL are analyzed identically and the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under Title VII.")(citations omitted); <u>E.E.O.C. v. Bloomberg L.P.</u>, 29 F. Supp. 3d 334, 339 (S.D.N.Y. 2014) ("New York state courts have articulated an NYCHRL constructive discharge standard that is identical to the Title VII standard.").

5

scheduled to take place in a month.  Id. at 264.  The plaintiff subsequently brought a lawsuit against the Board, superintendent and school administrator at his school, alleging that: (1) he was treated worse than Caucasian teachers in the rubber room; (2) the decision to bring charges against him was discriminatory; and (3) he was constructively discharged.  Id. at 263; 266.  Moving for summary judgment, the defendants argued that the plaintiff could not claim constructive discharge because he voluntarily retired.  Id. at 266.  The court granted summary judgment for the defendants on two grounds: (1) bringing charges under Section 3020-a in itself did not create an intolerable work atmosphere converting the plaintiff's resignation into a constructive discharge; and (2) a resignation cannot later be construed as a constructive discharge when an employee resigns rather than respond to disciplinary charges.  Id.

We find the reasoning of Bailey compelling because permitting a plaintiff to avoid contesting the charges under Section 3020-a, but nonetheless to proceed in litigation as if the charges were without merit and filed only for discriminatory reasons, would be wholly unwarranted.  A plaintiff who chooses not to contest charges should not be treated as if she had successfully contested the charges.  Such a result is wholly illogical and would be

6

prejudicial to the Board.[5]  As in Bailey, plaintiff here resigned after receiving the 3020-a Notice rather than challenge the charges specified therein at a hearing, to which plaintiff was statutory entitled.  Therefore, plaintiff is precluded as a matter of law from basing her constructive discharge claim on the filing of Section 3020-a Charges.

The reasoning of Bailey equally applies to individual charges contained in a Section 3020-a Notice as well.  Here, Specification 1 in the 3020-a Notice charged plaintiff with failure to adequately plan and/or execute separate lessons on a number of dates ranging from October 2013 through May 2016.  Vinci Decl. Ex. 5 (ECF No. 79-5) at 3.  Because Davies became the Full-Time Principal of P.S. 207 in around February 2015, Pl.'s Rule 56.1 Counterstmt. ¶ 13.2, Specification 1 in the 3020-a Notice in fact covers the allegedly discriminatory unsatisfactory ratings given by Davies to the plaintiff's lesson plans, and plaintiff could have sought redress by challenging Specification 1 at the Section 3020-a hearing.[6] Therefore, plaintiff is also precluded as a matter of law from

---

[5] The Court further notes that another court in this District has reached the same conclusion as Bailey.  See Carmellino v. District 20 of New York City Dept. of Ed., 03 Civ. 5942 (PKC), 2006 WL 2583019, at *4 (S.D.N.Y. Sept. 6, 2006) ("an employee is not constructively discharged when he or she resigns rather than respond to disciplinary charges.").

[6] As the Bailey court did, the Court notes that nothing in the text of New York Education Law Section 3020-a suggests that plaintiff would have been prohibited from challenging a charge as discriminatory.  See Bailey, 536 F. Supp. 2d at 266.

7

basing her constructive discharge claim on defendant Davies' ratings of her lesson plans.[7]

## 2. Adequacy of Pleading a Constructive Discharge Claim with the Remaining Allegations

Having concluded that plaintiff is precluded as a matter of law from basing her constructive discharge claim based on the fact that Section 3020-a charges were filed against her and based on her claim that Davies' unsatisfactory ratings on her lesson plans were the product of discrimination, we now consider whether plaintiff's remaining allegations are sufficient to state a constructive discharge claim.

"An employee is constructively discharged when his employer, rather than discharging him directly, <u>intentionally</u> creates a work atmosphere so intolerable that he is forced to quit involuntarily." <u>Terry v. Ashcroft</u>, 336 F.3d 128, 151-52 (2d Cir. 2003) (emphasis added). The first part of this standard requires a showing that "employers acted with the specific intent to prompt employees' resignations." <u>Petrosino v. Bell Atlantic</u>, 385 F.3d 210, 229 (2d Cir. 2004). The second part—the intolerable level of the work conditions—is "assessed objectively by reference to a reasonable person in the employee's position." <u>Id.</u> at 230. Because the Court

---

[7] This conclusion is consistent with the well-established principle in this Circuit that an employee cannot claim a constructive discharge "where [she] had an avenue through which [she] could seek redress for the allegedly 'intolerable' work atmosphere leading up to [her] resignation, but failed to take advantage thereof." <u>Silverman v. City of New York</u>, 216 F. Supp. 2d 108, 115 (E.D.N.Y. 2002), aff'd, 64 F.App'x 799 (2d Cir. 2003).

8

is evaluating sufficiency of allegations in the amended complaint, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Littlejohn v. City of New York, 795 F.3d 297, 306 (2d Cir. 2015).

Applying these standards here, the Court concludes that plaintiff has failed to state a constructive discharge claim. As discussed above, plaintiff identifies a number of actions by defendant Davies as ones pursued in "attempt at terminating" plaintiff's employment. Am. Compl. (ECF No. 29) at ¶ 68. The Court has already concluded that the bringing of Section 3020-a charges, which included the alleged discriminatory ratings of her lesson plans, cannot constitute the basis of the plaintiff's constructive discharge claim. Accordingly, the only allegations of intentional acts aimed at prompting the plaintiff's resignation that plaintiff may rely on are: (1) falsely accusing plaintiff of corporal punishment, id. at ¶ 69,[8] and (2) routinely threatening plaintiff with disciplinary action. Id. at ¶ 71.

However, these allegations, even if true and considered in combination, are insufficient to state a constructive discharge claim because they do not create a work environment that is "so intolerable that [plaintiff would be] forced to quit

---

[8] In paragraph 69 of the amended complaint, plaintiff also alleges that defendant Davies "continued to impugn Plaintiff's reputation and abilities as an educator." This allegation, however, is a conclusory allegation without any factual predicate as plaintiff does not allege which actions defendant Davies took to impugn her reputation and abilities as an educator.

9

involuntarily." Terry, 336 F.3d at 151-52. First, "threats of disciplinary action . . . do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation." Honey v. County of Rockland, 200 F. Supp. 2d 311, 320 (S.D.N.Y. 2002). Here, plaintiff only alleges that defendants "routinely threatened [plaintiff] with disciplinary action" without any allegation of defendants taking any further action—apart from filing Section 3020-a Charges, which, for the reasons stated above, plaintiff may not rely upon. Moreover, courts in this District have held that making a false accusation is an insufficient basis for a constructive discharge claim, even when combined with other allegedly discriminatory actions. See, e.g., Henry v. NYC Health & Hosp. Corp., 18 F. Supp. 3d 396, 407 (S.D.N.Y. 2014) (concluding that falsely charging the plaintiff of sleeping at work does not constitute an adverse employment action because there was no allegation that any negative consequence followed from that accusation); Harewood v. New York City Dep't of Ed., No. 18 Civ. 5487 (KPF), 2019 WL 3042486, at *5-7 (S.D.N.Y. May 8, 2019) (concluding the allegation of the school principal falsely accusing the teacher plaintiff of corporal punishment of a student, combined with other allegations, was insufficient to state a claim of hostile work environment, let alone a constructive discharge claim). Therefore, considering the

allegations upon which plaintiff may rely, she has failed to state a constructive discharge claim.

### III. Conclusion

For the foregoing reasons, the Court concludes that plaintiff has failed to adequately plead a constructive discharge claim. Therefore, the Court grants defendants' motion for summary judgment and dismisses the plaintiff's constructive discharge claim. The parties are directed to appear for a pretrial conference on December 2, 2019 at 3:00 p.m. in Courtroom 21A, 500 Pearl Street, New York, NY 10007.

Dated:   New York, New York
         October *30*, 2019

                                        _[signature]_
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE